## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | HARRY D. LEINENWEBER | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 5904 | **DATE** | 8/3/2012 |
| **CASE TITLE** | Lafeyette Walton (#2012-0405241) vs. Cook County Municipality, et al. | | |

**DOCKET ENTRY TEXT:**

The plaintiff is granted thirty days in which either to file an *in forma pauperis* application on the enclosed form with the information required by 28 U.S.C.§ 1915(a)(2) or pay the full $350 filing fee. The clerk is directed to send the plaintiff an i.f.p. application along with a copy of this order. Failure of the plaintiff to comply within thirty days of the date of this order will result in summary dismissal of this case. **The plaintiff is advised that he must provide the court with the original plus a judge's copy of every document filed.**

■ [**For further details see text below.**]  Docketing to mail notices.

### STATEMENT

The plaintiff, an inmate in the custody of the Cook County Department of Corrections, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that the defendants, correctional officials and health care providers, have violated the plaintiff's constitutional rights by acting with deliberate indifference to his health, safety, and medical needs. More specifically, the plaintiff alleges that unsanitary food handling practices have caused food poisoning on at least one occasion, that the processed food is unhealthy, and that his medical needs have not been properly addressed.

The plaintiff has failed either to pay the statutory filing fee or to file a petition for leave to proceed *in forma pauperis*. The Prison Litigation Reform Act requires all inmates to pay the full filing fee, even those whose cases are summarily dismissed. In all prisoner civil lawsuits, the court must assess an initial partial filing fee. *See* 28 U.S.C. § 1915(b)(1). The court will direct correctional officials to deduct the initial filing fee payment directly from the plaintiff's trust fund account. Thereafter, correctional authorities having custody of the plaintiff will be authorized and ordered to make monthly payments to the court of 20% of the preceding month's income credited to the trust fund account until such time as the full filing fee is paid.

To enable the court to make the necessary assessment of the initial partial filing fee, the plaintiff must "submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the **(CONTINUED)**

mjm

**STATEMENT (continued)**

6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2). Therefore, if the plaintiff wishes to proceed with this case by making installment payments instead of paying the full filing fee in advance, he must file an *in forma pauperis* application on the form required by the rules of this court, together with a certified copy or copies of his trust fund statements reflecting all activity in his accounts in the past six months [that is, from January 27, 2012, through July 27, 2012].

The plaintiff must, within thirty days, **either** file an *in forma pauperis* application on the enclosed form with the information required by 28 U.S.C. § 1915(a)(2) **or** pay the full $350 filing fee. The clerk will furnish the plaintiff with an *in forma pauperis* application along with a copy of this order. Failure of the plaintiff to comply within thirty days of the date of this order will result in summary dismissal of this case.

The plaintiff is reminded that he must provide the court with the original plus a judge's copy of every document filed.