Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | HARRY D. LEINENWEBER | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 5904 | **DATE** | 11/1/2012 |
| **CASE TITLE** | Lafeyette Walton (#2012-0405247) vs. Cook County Municipality, et al. | | |

**DOCKET ENTRY TEXT:**

The plaintiff's motion for leave to proceed *in forma pauperis* [#3] is granted. The court authorizes and orders Cook County Jail officials to deduct $26.15 from the plaintiff's account, and to continue making monthly deductions in accordance with this order. The clerk is directed to: (1) reopen this case, and (2) send a copy of this order to the Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, Illinois 60608. However, summonses shall not issue at this time. On the court's own motion, Edward Eshoo, Jr., Childress Duffy Goldblatt, Ltd., 515 North State Street, Suite 2200, Chicago, Illinois 60610-8190 (312) 494-0200 is appointed to represent the plaintiff in accordance with counsel's trial bar obligations under the District Court's Local Rule 83.37 (N.D. Ill.). The complaint on file is dismissed without prejudice to appointed counsel filing an amended complaint within 60 days if the amended complaint comports with appointed counsel's obligations under Rule 11 of the Federal Rules of Civil Procedure.

■ [For further details see text below.]     Docketing to mail notices.

## STATEMENT

The plaintiff, an inmate in the custody of the Cook County Department of Corrections, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that the defendants, correctional officials and health care providers, have violated the plaintiff's constitutional rights by acting with deliberate indifference to his health, safety, and medical needs. More specifically, the plaintiff alleges that unsanitary food handling practices have caused food poisoning on at least one occasion, that the processed food is unhealthy, and that his medical needs have not been properly addressed.

On September 28, 2012, the court dismissed this case in light of the plaintiff's failure either to pay the statutory filing fee or to file an application for leave to proceed *in forma pauperis* as directed. The plaintiff has belatedly responded to the court's deficiency order, noting that the court's docket reflected the wrong inmate identification number. Accordingly, the case will be reopened.

**(CONTINUED)**

mjm

| STATEMENT (continued) |
|---|

      The plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), the plaintiff is assessed an initial partial filing fee of $26.15. The supervisor of inmate trust accounts at the Cook County Jail is authorized and ordered to collect, when funds exist, the partial filing fee from the plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, the trust fund officer at the plaintiff's place of confinement is directed to collect monthly payments from the plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from the plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify the plaintiff's name and the case number assigned to this action. The Cook County inmate trust account office shall notify transferee authorities of any outstanding balance in the event the plaintiff is transferred from the jail to another correctional facility.

      Under 28 U.S.C. § 1915A, the court is required to conduct a prompt threshold review of the complaint. Here, accepting the plaintiff's allegations as true, the court finds that the complaint articulates colorable federal causes of action. Correctional officials and health care providers may not act with deliberate indifference to an inmate's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Fields v. Smith*, 653 F.3d 550, 554 (7th Cir. 2011). Furthermore, the State must provide for inmates' basic needs. *See, e.g., Antonelli v. Sheahan* 81 F.3d 1422, 1427 (7th Cir. 1996); *Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006). There is no question that inmates have a constitutional right to an adequate diet. *See, e.g., Antonelli v. Sheahan*, 81 F.3d 1422, 1432 (7th Cir. 1996). "The State must provide an inmate with a 'healthy, habitable environment.' This includes providing nutritionally adequate food that is prepared and served under conditions which do not present an immediate danger to the health and well being of the inmates who consume it." *French v. Owens*, 777 F.2d 1250, 1255 (7th Cir. 1985) (citations omitted).

      However, the complaint on file is unacceptable. The complaint appears to contain misjoined claims. "[M]ultiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits...." *George v. Smith*, 507 F.3d 605, 606 (7th Cir. 2007).

      Because the plaintiff does not appear to have the wherewithal to pursue his claims, the court hereby appoints Edward Eshoo, Jr. / Childress, Duffy, Goldblatt, Ltd. / 515 North State Street, Suite 2200 / Chicago, Illinois 60610-8190 / (312) 494-0200 to represent the plaintiff in accordance with counsel's trial bar obligations under the District Court's Local Rule 83.37 (N.D. Ill.). After investigation, appointed counsel should file an amended complaint within sixty days if such amendment comports with counsel's obligations under Rule 11 of the Federal Rules of Civil Procedure. If counsel is unable to file an amended complaint, he should so inform the court.